# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

      Plaintiff,

vs.                                                  Case No. 1:19-cr-0936 KWR

RICHARD JOHNS,

      Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on the Defendant's Motion for Appointment of Counsel (**Doc. 107**). The Court, having reviewed the Defendant's motion and considered the applicable law, finds that Defendant's motion is not well taken and, therefore, is **DENIED** without prejudice.

Defendant requests the appointment of counsel because he "has filed" a § 2255 petition. Doc. 107 at 1. He requests counsel to assist him in discovery and a future evidentiary hearing. However, he has not filed a § 2255 petition in this district. On this basis alone, the Court may deny the motion.

Moreover, his motion does not otherwise demonstrate the Court should appoint counsel.

*First*, Defendant is not entitled to a mandatory appointment of counsel. Defendant asserts he is entitled to counsel under Habeas Rule 6(a) and 8(c). Section 2255 Habeas Rule 6(a) provides "[i]f necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Here, at this time appointment of counsel is not necessary for effective discovery, as no case is currently pending. Section 2255

Habeas Rule 8(c) provides that "[i]f an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Here, an evidentiary hearing is currently not warranted.

*Second*, Defendant has not demonstrated that the Court should in its discretion appoint counsel. Section 3006A(a)(2) allows for the appointment of counsel in § 2255 cases to "any person financially unable to obtain adequate representation" when the "interests of justice so require." Here, the interests of justice do not require the appointment of counsel, as explained below. "In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001) (applying *Williams v. Meese* in the § 2255 context). Here, Defendant's motion does not provide any basis for the court to address these factors and he has not provided the habeas petition for the Court to determine the merits of his claim, the nature of the factual issues raised in the claim, his ability to present his claims, and the complexity of the legal issues.

Therefore, the Court concludes that appointment of counsel is not warranted at this time.

Plaintiff asserts he "has filed" a § 2255 motion, but there is nothing on this district's docket to suggest he has. Doc. 107 at 1. The Court directs the Clerk of Court to open a § 2255 civil case on his behalf using his motion (Doc. 107) and mail him a blank § 2255 petition.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Appointment of Counsel (**Doc. 107**) is **DENIED** without prejudice. The Clerk of Court is directed to **MAIL** Defendant a blank § 2255 petition. The Clerk of Court is further directed to open a § 2255 civil case on his behalf.

    /S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

Case 1:25-cv-00246-KWR-KBM Document 108-1 Filed 03/07/25 Page 3 of 3

3